**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**LANA C. KEETON,**

**Plaintiff,**

**v.** **Case No.: 2:13-cv-24276**

**ETHICON, INC., et al.,**

**Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 1, 2013, Lana Keeton ("Keeton") directly filed a *pro se* Short Form Complaint in this multidistrict litigation ("MDL"), naming as defendants Ethicon, Inc., Johnson & Johnson, Gynecare Worldwide, Ethicon Sarl, Ethicon Women's Health & Urology, Ethicon LTD, Medscand AB, and Johnson & Johnson Neuchatel (collectively referred to herein as "the Ethicon defendants"). (ECF No. 1). Keeton asserts numerous causes of action against the Ethicon defendants arising from her use of a Gynecare TVT polypropylene mesh sling that was implanted by her surgeon in December 2001 for treatment of stress urinary incontinence. Currently pending before the court are Defendants' Motion to Dismiss, (ECF No. 7), and Plaintiff's Request for a Hearing on the Motion to Dismiss. (ECF No. 20). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the

reasons set forth herein, the undersigned recommends that Defendants' Motion to Dismiss be **GRANTED**, that the Complaint be **DISMISSED** in its entirety, without prejudice, and this case be removed from the docket of the court. As Plaintiff is clearly not entitled to relief in this action, argument on the issues is unnecessary. Accordingly, her motion requesting a hearing is **DENIED.**

## I. Relevant Background

On December 20, 2005, Keeton filed a products liability action in the Eleventh Judicial Circuit Court in and for Miami, Dade County, Florida against Gynecare Worldwide, Ethicon, Inc., and Johnson & Johnson (collectively referred to as "the Florida defendants") related to the Gynecare TVT polypropylene mesh sling that is the subject of the complaint presently before this court.[1] In that action, Keeton alleged that during the implantation of the TVT device, she contracted a life-threatening infection that caused her serious injury, disfigurement, and internal wounds that were expected to require future medical care and monitoring. Keeton asserted claims of negligent failure to warn, negligent training of implanting surgeons, breach of warranty, strict liability related to defective design, manufacturing, warning, and testing, and for "acts or omissions not yet discovered."[2] On May 3, 2006, the Florida defendants removed the action to the United States District Court for the Southern District of Florida.

On March 16, 2007, Keeton amended the complaint, adding broader allegations concerning the defective condition of the mesh used in the TVT system and the lack of

---

[1] The pleadings and other documents from Keeton's Florida action are found at *Keeton v. Gynecare Worldwide, et al.*, Case No. 1:06-cv-21116-UU, United States District Court for the Southern District of Florida. The undersigned takes judicial notice of the documents filed in that action. *See Sloan v. Smith*, Case No. 6:09–cv–00005, 2009 WL 453298, at n. 5 (W.D.Va., Feb. 24, 2009) (citing *U.S. Fidelity & Guaranty Co. v. Lawrenson*, 334 F.2d 464, 467 (4th Cir. 1964)).

[2] Case No. 1:06-cv-21116-UU, ECF No. 1 at 10-17.

warnings to physicians and consumers of the risks associated with the product, including its tendency to unravel and injure surrounding tissue after implantation in the human body.[3] The parties conducted discovery and engaged in mediation, although they were unsuccessful in settling the case.

On July 27, 2007, the Florida defendants filed a Motion for Summary Judgment, asserting two grounds for dismissal of the complaint as a matter of law.[4] First, the Florida defendants argued that Keeton had failed to identify an expert witness prepared to testify that the TVT device had proximately caused the injuries about which she complained, as was required by Florida's product liability law. Second, the Florida defendants asserted that all of Keeton's claims were based upon an alleged failure to warn and thus were barred by Florida's learned intermediary defense. Keeton filed a response to the Motion for Summary Judgment, and ultimately, on August 13, 2007, the presiding District Judge entered an order granting judgment in favor of the Florida defendants.[5] (ECF No. 7-3). The District Judge noted in the order that she had recently excluded expert testimony offered by Keeton to establish the defective condition of the TVT device. The court further observed that Keeton had produced no evidence to support her claims that the alleged breaches, the defective product, or the inadequate warnings had caused her injuries. Consequently, the court found that without expert testimony and evidence of causation, Keeton had failed to make a sufficient showing of the essential elements of her case. In light of this determination, the court found it unnecessary to address the learned intermediary defense.

---

[3] Case No. 1:06-cv-21116-UU, ECF No. 69.

[4] Case No. 1:06-cv-21116-UU, ECF No. 138 at 2.

[5] Case No. 1:06-cv-21116-UU, ECF No. 176.

Keeton subsequently filed a motion for reconsideration of the order granting judgment in favor of the Florida defendants, with which she filed various documents including portions of a deposition transcript taken in a medical malpractice case she had lodged against the surgeon that implanted the TVT device.[6] That motion was denied; accordingly, Keeton filed a Notice of Appeal on October 31, 2007 with the United States Court of Appeals for the Eleventh Circuit.[7] However, Keeton failed to pursue the appeal, and on March 6, 2008, the Eleventh Circuit Court of Appeals issued an Entry of Dismissal, dismissing Keeton's appeal for want of prosecution.[8] Consequently, the judgment in favor of the Florida defendants, granted as a matter of Florida's substantive law, remains undisturbed.

## II. <u>The Ethicon Defendants' Motion to Dismiss and Keeton's Response</u>

The Ethicon defendants raise three grounds for dismissal of Keeton's Short Form Complaint, two of which involve procedural issues unique to the MDL. First, the Ethicon defendants complain that Keeton failed to timely submit a Plaintiff Profile Form as required by Pretrial Order No. 17, and second, she incorrectly added six defendants that do not appear in the approved Short Form Complaint, which is a violation of Pretrial Order No. 15. (ECF No. 8 at 5-9). Finally, the Ethicon defendants argue that Keeton's complaint must be dismissed because it is barred by the doctrine of *res judicata*. Pointing to the judgment against Keeton in the Florida District Court, the Ethicon defendants contend that Keeton already filed a lawsuit alleging the same claims against the same defendants arising from the same essential facts, and lost on the merits of her

---

[6] Case No. 1:06-cv-21116-UU, ECF No. 182.

[7] Case No. 1:06-cv-21116-UU, ECF No. 196.

[8] Case No. 1:06-cv-21116-UU, ECF No. 218.

case. Accordingly, she is precluded from resurrecting that action in this MDL. (*Id.* at 1-5).

In response, Keeton submitted a reply, two memoranda, and various exhibits, all of which the undersigned has carefully reviewed. (ECF Nos. 11, 14, 16, 17, 18).[9] In regard to the two procedural grounds raised by the Ethicon defendants, Keeton argues that she properly submitted a Plaintiff Profile Form at the time she filed her Short Form Complaint, and even if she did add incorrect defendants, her complaint should not be dismissed. Instead, she should be permitted to replace her improper complaint with a corrected one. (ECF No. 14 at 5-6).

As to the Ethicon defendants' assertion of *res judicata*, Keeton avers that *res judicata* does not bar her MDL complaint because (1) her claims were not fully adjudicated by the Florida court, (2) the issues raised by her in the MDL differ from those addressed in the Florida lawsuit, and (3) the parties are different in the two actions. (*Id.* at 3-4). Keeton collaterally attacks the validity of the proceedings in the Florida District Court, stating that the Florida defendants misled the court about various expert witnesses, ignored discovery orders, and fraudulently withheld information that was damaging to their defense. (ECF No. 16 at 1, 6). She alleges that this "fraud by omission" precluded an adjudication on the merits; thus, making her current action "a distinct claim." (ECF No. 17 at 1). She supplies exhibits, including a portion of an expert report, some medical records, and the transcript of a deposition taken in her medical malpractice suit to bolster her contentions. (ECF No. 18, 18-1, 18-2). In regard to the

[9] The court also takes note of Keeton's filing dated March 13, 2014 in which she states that she will be undergoing surgery on March 26, 2014 and requests a suspension of the proceedings post-operatively until released by her physician. (ECF No. 21). Considering that the record is sufficiently well-developed, and that more than 120 days have elapsed since Keeton's surgery without any contact from her, the court finds that the motion to dismiss is ripe for disposition and further delay is unwarranted.

parties, Keeton notes that the Florida defendants included only Gynecare Worldwide, Ethicon, Inc., and Johnson & Johnson, while the Ethicon Defendants include "others," (i.e. Gynecare Worldwide, Ethicon Sarl, Ethicon Women's Health & Urology, Ethicon LTD, Medscand AB, and Johnson & Johnson Neuchatel).

The Ethicon defendants reply to Keeton's "fraud by omission" contention by emphasizing that if she has such a claim, it does not belong in the MDL. They argue that while Keeton's allegations of fraud in securing the Florida judgment may constitute grounds for a Rule 60(b) motion before the Florida District Court, those allegations do not state an independent cause of action in this district court. (ECF No. 15 at 2). According to the Ethicon defendants, *res judicata* applies to all claims Keeton has and can assert in the MDL. *Res judicata* prevents the same parties from relitigating the same claims and is conclusive to every matter that was or *could have been brought* in the first lawsuit. Keeton's first complaint asserted a personal injury action alleging various theories of product liability involving a Gynecare TVT polypropylene mesh sling. Her complaint in the MDL likewise asserts a personal injury action alleging various theories of product liability involving the same Gynecare TVT polypropylene mesh sling. Accordingly, Keeton has had her day in court and cannot escape the finality of the judgment by collaterally attacking it or by simply adding improperly named defendants. (*Id.* at 5-8). They also reiterate that Keeton's complaint should be dismissed for failing to comply with Pretrial Order No. 15, although they concede that if Keeton filed a Plaintiff Profile Form, they will withdraw that alternative ground for dismissal.[10]

[10] Apparently, Keeton filed a Plaintiff Profile Form, but did not follow the website's directions on how to email her form to Ethicon's counsel. As a result, counsel was unaware that the form had been filed. (ECF No. 15 at 9).

## III. Discussion

### *A. Compliance with Pretrial Order*

As an initial matter, the undersigned **FINDS** that Keeton's complaint fails to comply with Pretrial Order No. 15. Pretrial Order No. 15 instructs plaintiffs wishing to directly file an action in the Ethicon MDL after September 26, 2012 to use the approved Short Form Complaint, which was attached to the Pretrial Order, (ECF No. 260 at 2), and was also available on the court's website. Plaintiffs are warned that the failure to use the attached Short Form Complaint will result in the court's striking of the unapproved pleading, and will require re-filing of the approved complaint with payment of a second filing fee. (*Id*. at 2-3).

In addition, Plaintiffs are instructed not to "add parties to the Short Form or Amended Short Form Complaints or file versions of the Short Form or Amended Short Form Complaints that do not exactly match such complaints found on the court's website." (*Id.* at 6). The order advises that noncompliant complaints will also be stricken, requiring plaintiffs to re-file the appropriate pleading and pay a second filing fee. Subsequently, additional pretrial orders were entered that adopted the process set forth in Pretrial Order No. 15, and modified the Short Form Complaint as necessary to reflect changes occurring in the litigation. (*See* ECF Nos. 360, 369, 623). In each case, the revised Short Form Complaint was attached to the pretrial order and was available on the court's website.

In this case, Keeton filed her complaint on October 1, 2013. Therefore, the Short Form Complaint attached to Pretrial Order No. 50 should have been used by Keeton. However, it was not. Instead, she took the first page of the approved complaint and attached it to four unapproved pages, then filed the "Frankensteined" pleading. It

appears Keeton intentionally reworked the Short Form Complaint for the sole purpose of naming Gynecare Worldwide, Ethicon Sarl, Ethicon Women's Health & Urology, Ethicon LTD, Medscand AB, and Johnson & Johnson Neuchatel, none of which were otherwise listed as defendants on the Short Form Complaint. By doing so, Keeton violated the court's orders and improperly named entities that were not parties to the action.

Keeton is correct, however, that if the court strikes her complaint under Pretrial Order Nos. 15 and 50, she has the option of re-filing a complaint that conforms procedurally. For that reason, although the complaint could be stricken as noncompliant, the undersigned **RECOMMENDS** that the presiding District Judge withhold striking the complaint until ruling on the issue of *res judicata*. Obviously, if *res judicata* bars Keeton's action, her noncompliance with the pretrial orders is irrelevant. Therefore, the undersigned turns to the issue of *res judicata.*

### *B. Res Judicata*

*Res Judicata*, or the doctrine of claim preclusion, bars "repetitious suits involving the same cause of action" once "a court of competent jurisdiction has entered a final judgment on the merits." *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948). As a general rule, when a judgment is entered by a federal court exercising diversity jurisdiction, the claim-preclusive effect of the judgment is determined by the law of the state in which the court rendering the judgment sits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). Here, the judgment at issue was entered by the United States District Court sitting in diversity in the Southern District of Florida, which is located in the Eleventh Federal Judicial Circuit. As it happens, the Eleventh Circuit deviates

somewhat from the general rule applying state law to judgments entered by a court sitting in diversity. According to the Eleventh Circuit:

> Although state law governs whether a state court judgment bars a subsequent federal diversity action, ... [w]hen [the] prior action [was] brought in diversity in federal court, the federal law of *res judicata* governs in a second suit brought in diversity.

*Dorsey v. CitiMortgage, Inc.*, 559 F.App'x. 936, 937 (11th Cir. Mar. 24, 2014) (*quoting Commercial Box & Lumber v. Uniroyal, Inc.*, 623 F.2d 371, 373 (5th Cir. 1980); *see also Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171, 1179 (11th Cir. 2013); *CSX Transp. Inc. v. Bhd. of Maintenance of Way Employees*, 327 F.3d 1309, 1316, (11th Cir. 2003) (We now hold that federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction.) Notwithstanding these decisions, the Eleventh Circuit has also indicated that "the federal common law that governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity may in some instances incorporate state law;" particularly, in cases where state substantive rights were at issue and informed the prior court's ruling. *Tuitama v. Bank of America*, 552 Fed.Appx. 881, 883 (11th Cir. 2014). Accordingly, in these diversity cases, courts in the Eleventh Circuit have determined the preclusive effect of a prior judgment by applying "the law of the state courts in the state where the rendering federal court sits, unless the state's law conflicts with federal interests." *Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1310 (11th Cir. 2005) (citing *Semtek*, 531 U.S. at 509).

Regardless of whether federal or state preclusion principles are applied in the present action, the outcome is the same. *Res judicata* bars Keeton's MDL complaint. In Keeton's Florida lawsuit, the District Judge determined that Keeton could not establish

the essential elements of her case under Florida's substantive law. Therefore, applying that state's law on *res judicata*:

> A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

*Wade v. Clover*, 94 Fla. 817, 829 114 So. 548, 552 (1927) (quoting Black on Judgments, § 731). Under Florida law, *res judicata* requires the presence of four conditions: (1) identity in the thing being sued for, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the quality or capacity of the person for or against whom the claim is made. *Donahue v. Davis,* 68 So.2d 163, 169 (Fla. 1953). Clearly, all four are present here. First, both the complaint filed in Florida and the complaint filed herein requested compensatory damages for personal injuries related to a Gynecare TVT polypropylene mesh sling that was implanted in Plaintiff pelvic's area in 2001 to treat stress urinary incontinence. Second, Keeton alleged a range of claims in both lawsuits that fall under the same umbrella of product liability causes of action.

Third, in both cases, Keeton was the plaintiff and sued the defendants in her personal capacity. Contrary to Keeton's contention, the Ethicon defendants are the same entities as the Florida defendants. While it is true that Keeton added additional parties on her MDL Short Form Complaint, those parties simply do not count, first and foremost, because they are not actually parties in the MDL. Therefore, they have not been served with process, and they are not properly included on the complaint. Moreover, under Florida law, *res judicata* applies not only to the same parties, but to their privies. "A privy is one who is identified with the litigant in interest." *Progressive*

*Am. Ins. Co. v. McKinnie,* 513 So.2d 748, 749 (Fla. 4th DCA 1987). "Privity is a mutuality of interest, an identification of interest of one person with another, and includes privity of contract, the connection or relationship which exists between contracting parties." *Radle v. Allstate Ins. Co.*, 758 F.Supp. 1464, 1467 (M.D.Fla.1991). Plaintiff concedes in her reply to the Ethicon defendants' Motion to Dismiss that all of the entities she included as defendants are controlled by Johnson & Johnson. (ECF No. 14 at 5). Therefore, even if they were properly joined in the action, identity of parties would exist given their mutuality of interest with Johnson & Johnson. Florida law also construes the doctrine of *res judicata* in the context of product liability actions to preclude successive suits against parties in the chain of distribution. *West v. Kawasaki Motors Mfg. Corp.*, 595 So.2d 92, 95 (Fla.App. 1992). As a result, once a plaintiff elects to sue one participant in the chain and proceeds to a judgment, he cannot relitigate the same issues against others in the distribution line. *Id.* Keeton unequivocally pursued to a judgment her claims against the manufacturer, marketer, and seller of the TVT product that she alleged caused her personal injuries. As a result, she is prohibited from proceeding with a successive case based upon the same facts and issues involved in the first case.

Similarly, under federal law, *res judicata* precludes a subsequent action when (1) a court of competent jurisdiction (2) has rendered a final judgment on the merits (3) in a prior action between identical parties (or their privies) (4) involving the same causes of action. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Here, the first two prongs are clearly met. The United States District Court for the Southern District of Florida was a court of competent jurisdiction and rendered a final judgment dismissing Keeton's complaint as a matter of law. Keeton claims that the Florida District Court's judgment is not final because she filed an appeal, and the appeal was dismissed

for want of prosecution, "which by its very nature is without prejudice." (ECF No. 14 at 5). This position is entirely without merit. The District Court's judgment is final until and unless it is set aside or reversed on appeal. While it is true that Keeton initiated an appeal, when she failed to pursue it, the Eleventh Circuit dismissed the appeal leaving the District Court's judgment intact. The time allotted for appealing the judgment has long since passed. Thus, the Florida judgment remains final, in full force and effect.[11]

The last two prongs of the federal test are likewise plainly met. Keeton is the plaintiff is both actions, and Johnson & Johnson, Ethicon and their privies are the defendants. Moreover, Keeton's causes of action are the same in both cases. As the Eleventh Circuit explained in *Ragsdale:*

> In the Eleventh Circuit, "[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form ... It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.

*Ragsdale,* 193 F.3d at 1239 (quoting *Citibank, N.A. v. Data Lease Financial Corp.,* 904 F.2d 1498, 1503 (11th Cir.1990)). Regardless of how Keeton framed them, all the claims asserted in both actions arose from personal injuries and associated damages she allegedly suffered after she received a Gynecare TVT polypropylene mesh sling in 2001 for the treatment of stress urinary incontinence. "Res judicata bars the filing of claims

---

[11] Keeton is somewhat confused about the chronology of the appeal and suggests that the reason for the dismissal by the Eleventh Circuit is a factor the court should consider. She claims that the Eleventh Circuit dismissed the appeal due to inaction on the part of the Florida defendants, and she attaches an order to that effect. However, the order applies to a limited cross-appeal filed by the Florida defendants. When Keeton's appeal was dismissed for failure to prosecute, the Florida defendants abandoned their cross-appeal. Accordingly, the cross-appeal was also dismissed—approximately two months after dismissal of the appeal, in May 2008. At any rate, the existence of a cross-appeal, the timing of the dismissals, and the reason for the dismissal of Keeton's appeal are of no consequence to this court's analysis. All that matters is that the District Court's judgment remains final.

which were raised or could have been raised in an earlier proceeding." *Id.* at 1238. Consequently, Keeton's complaint in this MDL is barred by both state and federal principles of claim preclusion.

Keeton's final contention—that *res judicata* does not apply because her Florida case was never adjudicated on the merits—is equally unavailing. According to Keeton, the Florida defendants committed "fraud by omission" during the pendency of the Florida litigation, by failing to provide her with evidence that would have established the essential elements of her case. Keeton claims that she asked for the materials during discovery but the Florida defendants used stalling tactics and other underhanded maneuvers to avoid producing incriminating documents. By engaging in deceitful and misleading discovery practices, the Florida defendants were able to convince the District Judge that Keeton lacked adequate proof of causation and product defect, resulting in a summary judgment against her. Keeton alleges that she was not aware of the Florida defendants' fraud until years later when she read trial testimony in *Gross v. Ethicon, Inc.*, a New Jersey case that alleged personal injuries related to defective pelvic mesh. Through the *Gross* transcript and discovery in the MDL, Keeton learned that significant, material and damaging evidence existed and was withheld during the discovery of her action in Florida. For this reason, Keeton argues that the Florida judgment is essentially invalid, and she should be permitted to litigate her claims in the MDL, including her claim of "fraud by ommission."

However, as the Ethicon defendants correctly assert, Keeton's claim of discovery fraud in her Florida litigation does not affect the validity or finality of the judgment against her, and her remedy is to file a motion for relief from that judgment under Federal Rule of Civil Procedure 60 "in the district court and in the action in which the

original judgment was entered." *Cascella v. Canaveral Port. Dist.*, 197 F.App'x 839, 842 (11th Cir. 2006) (quoting *Bankers Mort. Co. v. United States*, 423 F.2d 73, 78 (5th Cir. 1970)). Even assuming for the sake of argument that Keeton could state sufficient facts to proceed with an independent action for relief from judgment under Rule 60(d)(1), she would still need to file that action in a different forum. Such a lawsuit clearly would not belong in this MDL.[12]

Therefore, given that Keeton has already litigated her claims against the Ethicon defendants to a final judgment, the undersigned **FINDS** that Keeton's complaint herein is barred by the doctrine of *res judicata*.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**, (ECF No. 7), that the Complaint be **DISMISSED** in its entirety, and this case be removed from the docket of the court. In view of Keeton's claim that the prior judgment was obtained by fraud during the discovery process, the undersigned recommends that the dismissal be without prejudice.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

[12] The undersigned does not mean to imply that Keeton has the basis for an independent action. Rule 60(d)(1) is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata ... [and] relief is only available if relief is required to prevent a grave miscarriage of justice." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th. Cir. 2014) (quoting *United States v. Beggerly*, 524 U.S. 38, 46-47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)). The facts alleged by Keeton do not appear to rise to this level.

Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, and any counsel of record.

**FILED:** August 8, 2014.

Cheryl A. Eifert
United States Magistrate Judge