# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

IN RE: ETHICON, INC.
      PELVIC REPAIR SYSTEM                                          MDL NO. 2327
      PRODUCTS LIABILITY LITIGATION

---

THIS DOCUMENT RELATES TO THE FOLLOWING CASE:

*Keeton v. Ethicon, Inc., et al.*                        Civil Action No. 2:13-cv-24276

## MEMORANDUM OPINION AND ORDER

Pending is Defendants' Motion to Dismiss, filed January 28, 2014. [Docket 7]. This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed her PF&R on August 8, 2014. [Docket 24]. She recommends in the PF&R that the court **GRANT** Defendants' Motion to Dismiss [Docket 7] and **DISMISS** the plaintiff's complaint [Docket 1] without prejudice[1] based on *res judicata*.

On August 25, 2014, plaintiff requested additional time to file objections. [Docket 25]. The court granted plaintiff until September 5, 2014, to file her objections. [Docket 26]. On September 5, 2014, plaintiff filed "Specific Objections" [Docket 27] and a "Memorandum of Law in Support of Specific Objections" [Docket 28]. In addition, on September 9, 2014, plaintiff filed a Motion for Joinder under FRCP 19 of Ethicon SARL, Neuchatel, Switzerland Together with all 2013 Ethicon Defendants. [Docket 29]. On September 19, 2014, defendants

---

[1] The Magistrate Judge recommended dismissal without prejudice based on plaintiff's claim that the prior judgment was obtained by fraud during the discovery process. The Magistrate Judge points out that while the facts alleged by plaintiff do not appear to rise to the level required under Rule 60(d)(1) of the Federal Rules of Civil Procedure, even if plaintiff could state sufficient facts to proceed with a claim for relief from judgment under Rule 60(d)(1), that action must be filed in a different forum and would not belong in this MDL.

responded to plaintiff's objections to the PF&R. [Docket 30]. On September 23, 2014, defendants responded to plaintiff's motion for joinder. [Docket 31].

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

Reading plaintiff's pleadings liberally, she disagrees with the PF&R for two reasons.[2] First, she asserts that her complaint is not barred by *res judicata* because "there was no opportunity to litigate the action [in the Southern District of Florida] based upon the facts known now." [Docket 28, at 1]. Specifically, fraud by omission was not pled in the original Florida case because she has since learned of facts she alleges support such a claim. As a result, defendants' alleged fraud by omission precluded an adjudication on the merits in the Florida case and makes *res judicata* inapplicable. *Id.* at 1-3, 5. The Magistrate Judge addressed this argument in her PF&R and correctly ruled that plaintiff's "claim of discovery fraud in her Florida litigation does not affect the validity or finality of the judgment against her, and her remedy is to file a motion for relief from that judgment under Federal Rule of Civil Procedure 60 'in the district court and in the action in which the original judgment was entered.'" [Docket 24, at 13-14] (citations omitted). For that reason, the Magistrate Judge recommended dismissal without prejudice, noting that the facts alleged by plaintiff do not appear to rise to the level required by Rule 60(d)(1) of the Federal Rules of Civil Procedure. *Id.* at 14 n.12.

---

[2] Plaintiff cites to three areas of disagreement. [Docket 27, at 3-4]. However, under the first objection, plaintiff states that she *agrees* with the Magistrate Judge's findings.

I have conducted a *de novo* review related to the issue of *res judicata*, including a review of the cases and argument cited by plaintiff in her memorandum in support of her objections. I find the cases cited by plaintiff inapposite and unconvincing. Plaintiff's claims are barred by *res judicata*, and any claim she may have related to defendants' alleged fraud must be brought in the district court and in the action in which the original judgment was entered.

Turning to plaintiff's second objection, plaintiff asserts that the defendants named in the complaint pending before the court are "necessary parties and consequently parties in the MDL." [Docket 27, at 3]. Plaintiff states that she "agrees" with the PF&R that "[a]ll *2013 Ethicon Defendants* are parties in privy in [MDL 2327]" and are "governed by the laws of the State of Florida" in the instant matter. Plaintiff incorporates her Motion for Joinder under FRCP 19 of Ethicon SARL, Neuchatel, Switzerland Together with all 2013 Ethicon Defendants and asserts that "[a]ll necessary parties, the ***2013 Ethicon Defendants***, must be joined so Case No. 2:13-cv-24276 will proceed in equity and good conscience." [Docket 27, at 4.]

The plaintiff filed a Short Form Complaint in this action that named Ethicon, Inc., Johnson & Johnson, Gynecare Worldwide, Ethicon SARL, Ethicon Women's Health & Urology, Ethicon LTD, Medscand AB, and Johnson & Johnson Neuchatel. [Docket 1]. Plaintiff's Short Form Complaint, which added parties other than Ethicon, Inc. and Johnson & Johnson violated PTO # 15. PTO # 15 explicitly orders that plaintiffs filing directly in the Ethicon MDL after September 26, 2012, as plaintiff did, must use the Short Form Complaint and "not add parties to the Short Form . . . Complaint." [Docket 260, at 2, 6]. Indeed, the court warned that naming

3

additional defendants other than those on the Short Form Complaint would result in the court striking the pleading. *Id.* at 6.[3]

Despite the court's clear directive, plaintiff named the additional defendants on the Short Form Complaint.[4] Plaintiff has conceded both in her reply to defendants' motion [Docket 14, at 5] and now that all the entities she included as defendants are controlled by Johnson & Johnson or "in privy" with Johnson & Johnson [Docket 27, at 3]. As the Magistrate Judge aptly found,

> Florida law also construes the doctrine of *res judicata* in the context of product liability actions to preclude successive suits against parties in the chain of distribution. *West v. Kawasaki Motors Mfg. Corp.*, 595 So.2d 92, 95 (Fla.App. 1992). As a result, once a plaintiff elects to sue one participant in the chain and proceeds to a judgment, he cannot relitigate the same issues against others in the distribution line. *Id.* Keeton unequivocally pursued to a judgment her claims against the manufacturer, marketer, and seller of the TVT product that she alleged caused her personal injuries.

[Docket 24, at 11]. I need not reach plaintiff's motion for joinder; even if Rule 19 of the Federal Rules of Civil Procedure required the joinder of the additional parties named by plaintiff, claims against them are barred by *res judicata*.

Having considered the remaining objections, the court concludes that they too are not meritorious and fail to address the deficiencies in the complaint identified by the Magistrate Judge.

Accordingly, following a *de novo* review and having concluded that the objections lack merit, it is **ORDERED** that the PF&R is adopted and incorporated herein. It is further **ORDERED** that the Motion for Joinder under FRCP 19 of Ethicon SARL, Neuchatel, Switzerland Together with all 2013 Ethicon Defendants is **DENIED**. The court **DISMISSES**

---

[3] As noted elsewhere in PTO # 15, where a plaintiff wishes to name defendants other than those listed on the Short Form Complaint, the proper procedure would have been for plaintiff to pursue her claims in her home district with subsequent transfer to this District by the MDL Panel. [Docket 260, at 3].

[4] Plaintiff asserts that the additional defendants have been served by virtue of the waiver of service by Ethicon, Inc. and Johnson & Johnson. In fact, the waiver applies only to these two entities. [Docket 303, PTO # 20].


the plaintiff's complaint [Docket 1] without prejudice, and **DIRECTS** this action to be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and plaintiff.

ENTER: September 24, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE